ORDER GRANTING WITHDRAWAL OF COUNSEL

KLEIN, J.
Appellant’s counsel has filed a motion to withdraw stating that “Irreconcilable differences have recently arisen between the undersigned and Appellant, rendering the undersigned unable to ethically and fairly represent Appellant in this matter.”
*194 Appellant has objected, denying that there are irreconcilable differences, stating that he asked counsel what those differences were when counsel moved to withdraw in the trial court- and is still awaiting an answer.
Rule 4 — 1.16(b) of the Rules Regulating the Florida Bar, which governs withdrawal of counsel, provides:
(b) When Withdrawal Is Allowed. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
(1) the client persists in a course of action involving the lawyer’s services that the lawyer reasonably believes is criminal or fraudulent;
(2) the client has used the lawyer’s services to perpetrate a crime or fraud;
(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer’s services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(6) other good cause for withdrawal exists.
Although there is ample authority on when counsel may withdraw in the trial court, there is a dearth of authority on what counsel must do to withdraw, over objection by the client in a civil appeal. We conclude that the “irreconcilable differences” as set forth in this motion, are sufficient to satisfy rule 4-1.16(b).
We recognize that, because of time constraints, it is not unusual for counsel to file a notice of appeal to protect a client’s rights without committing to handle the appeal. In this case the motion was filed early on in the appeal, and withdrawal will not unduly disrupt the proceedings. We see no need for this counsel to explain why he wishes to withdraw in more detail, as such an explanation could be detrimental to the client or protected by the attorney-client privilege.
We therefore grant the motion as well as counsel’s request that appellant be given a reasonable time in which to obtain new counsel.
WARNER and STEVENSON, JJ., concur.