991 So.2d 971 (2008)
Clifford Earl SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4439.
District Court of Appeal of Florida, First District.
September 22, 2008.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
*972 Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Clifford Scott appeals convictions for possession of cocaine with intent to sell, possession of marijuana, and reckless driving. Before the jury was sworn, trial counsel, an assistant public defender, informed the trial courtpurportedly as soon as he learned of the problem himselfof a conflict of interest, viz., that the public defender's office also represented the "confidential informant" who was assigned to make a "controlled buy" from Mr. Scott at the time of the events that led to the charges against him.[1] The trial court denied trial counsel's written motion [for leave] to withdraw. On this direct appeal, we reverse.
Abuse of discretion is the standard of review when a motion for leave to withdraw is denied. See Weaver v. State, 894 So.2d 178, 187 (Fla.2004); Weems v. State, 645 So.2d 1098, 1099 (Fla. 4th DCA 1994). Insofar as pertinent here, "a public defender's office is the functional equivalent of a law firm. Different attorneys in the same public defender's office cannot represent defendants with conflicting interests." Bouie v. State, 559 So.2d 1113, 1115 (Fla. 1990); Ward v. State, 753 So.2d 705, 708 (Fla. 1st DCA 2000); Valle v. State, 763 So.2d 1175, 1178 (Fla. 4th DCA 2000); see also State v. Hocker, 34 Fla. 25, 15 So. 581, 583 (1894) ("What a partner does in the firm name in the pursuit of its ordinary business is done by the firm, and upon the firm's responsibility."); R. Regulating Fla. Bar 4-1.10(a) (providing that, except in limited circumstances, one lawyer's disqualification from a case on grounds of a conflict of interest is imputed to all lawyers practicing in the lawyer's firm).
Conflicts of interest are best addressed before a lawyer laboring under such a conflict does any harm to his or her client(s)'s interests. Any prejudicial effect on the adequacy of counsel's representation is presumed harmful. See Cuyler v. Sullivan, 446 U.S. 335, 349-50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Viewed prospectively, any substantial risk of harm is deemed prejudicial. Rule 4-1.7(a) of the Rules Regulating the Florida Bar provides that, unless certain conditions[2] not present here are met,
a lawyer shall not represent a client if:
(1) the representation of 1 client will be directly adverse to another client; or

*973 (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
See also Restatement (Third) of Law Governing Lawyers § 121 (2000) (providing that except in cases where a client provides informed consent and other conditions apply, "a lawyer may not represent a client if the representation would involve a conflict of interest" and explaining that "[a] conflict of interest is involved if there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by the lawyer's own interests or by the lawyer's duties to another current client, a former client, or a third person").
Although the rule was once otherwise,[3] section 27.5303, Florida Statutes (2006), now permits a trial court to inquire into the factual basis of a legally sufficient motion for leave to withdraw on conflict of interest grounds that arise from the public defender's representation of multiple defendants. Even now the trial court need not conduct an evidentiary hearing. But the trial court is no longer bound to accept the public defender's factual representations at face value.
The same statute directs the trial court to deny a motion to withdraw for legal insufficiency or in the event the facts it finds upon review or inquiry establish that the asserted conflict "is not prejudicial to the indigent client."[4] The statute provides, in relevant part:
If, at any time during the representation of two or more defendants, a public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of a conflict of interest, then the public defender shall file a motion to withdraw and move the court to appoint other counsel. . . . The court shall review and may inquire or conduct a hearing into the adequacy of the public defender's representations regarding a conflict of interest without requiring the disclosure of any confidential communications. The court shall deny the motion to withdraw if the court finds the grounds for withdrawal are insufficient or the asserted conflict is not prejudicial to the indigent client.
*974 § 27.5303(1)(a), Fla. Stat. (2006). Under the statute, the motion should be granted if the facts establish either that a conflict of interest has already redounded to the detriment of the indigent client or rendered his or her representation inadequate; or that a substantial risk exists that the conflict of interest will materially affect the indigent client or the public defender's representation of the indigent client adversely going forward.
Where circumstances preclude the trial court's learning whether a conflict of interest has had or will have an impermissible effect, moreover, the motion for leave to withdraw should be granted. The statute is designed to protect the constitutional right to counsel.[5] It recognizes that the trial court may not be able to ascertain whether a conflict of interest has proven, or may yet prove, harmful to the client or the client's representation. After all, the statute acknowledges the existence of confidential communications, and does not purport to abolish the attorney-client privilege or the work product privilege, both of which limit the trial court's ability to learn all the facts.
Section 27.5303(1)(a) requires denial of a legally sufficient motion only if the trial court affirmatively finds that an indigent client or his or her representation has not been and is unlikely to be prejudiced by the public defender's representation of the other client(s),[6] i.e., that "the asserted conflict is not prejudicial to the indigent client." § 27.5303(1)(a), Fla. Stat. (2006). *975 See generally Fed.R.Crim.P. 44(c)(2) (requiring the trial court to "inquire about the propriety of joint representation [of defendants charged jointly or being tried together] and . . . personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." (Emphasis supplied.)); Fla. R.Crim. P. 3.150(c).
The motion counsel filed in the court below[7] sought leave to withdraw from further representation of Mr. Scott on two bases, alleging:
2. The Public Defender's Office formerly and currently represents the confidential informant employed to gather evidence against Mr. Scott.
3. In a previous case in which the Public Defender's Office represented the confidential informant, the informant was granted a probationary sentence which was a downward departure from the guidelines based on his substantial assistance in gathering evidence against Mr. Scott to be used in this case.
4. Moreover, the Public Defender's Office currently represents the informant in a new case, as well as in a violation of probation for his case originally relating to Mr. Scott.
5. An irreconcilable conflict exists because of the downward departure that the informant received for gathering evidence against Mr. Scott, as well as the Public Defender's current representation of the informant.
The trial court did not in terms rule that the stated "grounds for withdrawal are insufficient." § 27.5303(1)(a), Fla. Stat. (2006).
But the trial judge did state that "no actual conflict" existed, that appellant and the confidential informant did not have "inconsistent interests," and that the public defender's office had not proven[8] that appellant's defense at trial would be impaired[9] as a result of the office's ongoing representation of the confidential informant. On this basis, the trial court denied *976 the public defender's motion to withdraw. This was error. By requiring the public defender to represent appellant despite simultaneously representing the client whom it had apparently advised to provide assistance to the state, assistance that consisted of procuring evidence against appellant, the trial court impermissibly obligated the public defender to "serve a dual and adverse stewardship." Bellows v. State, 508 So.2d 1330, 1331-32 (Fla. 2d DCA 1987) ("Despite the fact that Bellows [the defendant] and Collins [the state's witness and public defender's client in separate violation of probation proceedings] were not codefendants (only Bellows was charged with the sale of cocaine), the public defender was representing clients with significantly conflicting interests. The key is not whether the defendants are codefendants, but, rather, whether the public defender must serve a dual and adverse stewardship."). A disqualifying conflict of interest plainly exists when the public defender represents a defendant against whom the state obtained inculpatory evidence, with the assistance of another of the public defender's clients, where the public defender's office advances the latter's interests, based upon damage the latter did to the first defendant's legal position. Here, if an assistant public defender advised the confidential informant to cooperate with the state,[10] the public defender's office would itself have helped produce most of the evidence used against appellant at trial.
The assistant public defender also told the trial court that appellant's defense at trial would involve implicating the confidential informant as the source of the drugs which formed the basis of several of the state's charges against appellant. The trial court was thus informed that the public defender's office's simultaneous representation of the confidential informant created a "substantial risk" of "materially limit[ing]" its presentation of a defense for appellant that entailed implicating the informant, especially where it learned that defense counsel had failed to depose the confidential informant who appellant intended to insinuate had placed cocaine in appellant's lap during the controlled buy. R. Regulating Fla. Bar 4-1.7(a)(2).
Because part of appellant's defense was to suggest that the confidential informant framed him, appellant's interests conflicted starkly with those of the informant. See generally Guzman v. State, 644 So.2d 996, 999 (Fla.1994) ("We can think of few instances where a conflict is more prejudicial than when one client is being called to testify against another."). While defense counsel did not depose, let alone call the informant[11] as an adverse witness at trial and question him regarding possession of the cocaine alleged to be appellant's, counsel did implicate the confidential informant as a possible source of the drugs by questions he put to other witnesses. But counsel *977 had a conflicting duty of loyalty to the informant the whole time. Cf. Ortiz v. State, 844 So.2d 824, 826 (Fla. 5th DCA 2003) (finding conflict of interest precluded assistant public defender from representing defendant in case in which office of public defender simultaneously represented the state's key witness against the defendant, a confidential informant, in a separate criminal proceeding). "Counsel's allegiance to a client must remain unaffected by competing obligations to other clients. . . ." Barclay v. Wainwright, 444 So.2d 956, 958 (Fla.1984).
Ordinarily, under these circumstances, where a conflict of interest was evident pretrial, and the public defender's ability to pursue appellant's defense vigorously might well have been limited by ethical obligations owed to the confidential informant, we would have little difficulty in concluding, on this ground, too, that the trial court erred in requiring the public defender to try appellant's case. See Restatement (Third) of Law Governing Lawyers § 129 cmt. d (2000) ("[A] conflict exists when a defense lawyer in a criminal matter has duties to clients in other matters that might conflict. . . . The conflict could lead the lawyer to be less vigorous in defending the criminal case in order to avoid offending the other client, or the lawyer might be constrained in cross-examining the other client."). But we do not rest our decision on this ground, because appellant's argument on this ground at the pretrial conference, see ante n. 11, seemed virtually to invite the error.[12] Inasmuch, however, as the public defender's motion identified another ground on which the conflict of interest resulted in actual harm to the appellant, as trial counsel consistently argued, the trial court's error in denying counsel's motion to withdraw requires reversal.
Accordingly, we reverse and remand for a new trial, after conflict-free counsel has been appointed.
BROWNING, C.J., and ALLEN, J., concur.
NOTES
[1] The amended information alleged, inter alia, that appellant was guilty of trafficking in cocaine in violation of sections 893.03(2)(a)4 and 893.135(1)(b)1.a, Florida Statutes. The jury acquitted him on the trafficking charge, but convicted him of the lesser included offense of possession of cocaine with intent to sell. Evidence at trial put him in the company of the "confidential informant," whom Mr. Scott accused of bringing the cocaine to the encounter.
[2] Rule 4-1.7 of the Rules Regulating the Florida Bar provides:

(b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.
[3] Until 1999, section 27.53, Florida Statutes, required a trial court to grant a public defender's motion to withdraw on conflict of interest grounds without conducting any factual inquiry. See Guzman v. State, 644 So.2d 996, 999 (Fla.1994) ("[O]nce a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation." (citing Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1993))); Babb v. Edwards, 412 So.2d 859, 862 (Fla. 1982); see also § 27.53(3), Fla. Stat. (1997).
[4] In 1999, the legislature amended section 27.53(3) to permit the trial court to "inquire or conduct a hearing into the adequacy of the public defender's representations regarding a conflict of interest" and to direct the trial courts to grant withdrawal "unless the court determines that the asserted conflict is not prejudicial to the indigent client." Ch. 99-282, § 1, at 3084, Laws of Fla.; Valle v. State, 763 So.2d 1175, 1177 (Fla. 4th DCA 2000) (recognizing that the 1999 amendments to section 27.53(3) abrogate Guzman). Effective July 1, 2004, the legislature renumbered section 27.53(3) to section 27.5303(1)(a) and inserted language directing a trial court to "deny the motion to withdraw if the court finds the grounds for withdrawal are insufficient or the asserted conflict is not prejudicial to the indigent client." Ch. 2003-402, § 19, at 3669, Laws of Fla.
[5] The right to counsel protected by the sixth amendment of the United States Constitution secures a defendant's right "to counsel whose loyalty is not divided between clients with conflicting interests." Ward v. State, 753 So.2d 705, 708 (Fla. 1st DCA 2000) (quoting Turner v. State, 340 So.2d 132, 133 (Fla. 2d DCA 1976)); see also Bouie v. State, 559 So.2d 1113, 1115 (Fla.1990) (observing that "a lawyer representing clients with conflicting interests cannot provide the adequate assistance required" by the sixth amendment (citing Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978))); Foster v. State, 387 So.2d 344, 345 (Fla. 1980) ("The sixth amendment right to the assistance of counsel contemplates legal representation that is effective and unimpaired by the existence of conflicting interests being represented by a single attorney."). "To deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error." Foster, 387 So.2d at 345 (citing Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)). See Ward, 753 So.2d at 708 ("We hold that by requiring an ethically conflicted attorney from the Office to represent the petitioner, the trial court would be denying effective assistance of counsel.").

In general, a "defendant should be afforded a fair opportunity to secure counsel of his own choice." Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Even so, the Supreme Court has held that a trial court does not abuse its discretion in refusing to accept a defendant's waiver of counsel's conflict "not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Wheat v. United States, 486 U.S. 153, 163, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).
[6] This is not a case like Snelgrove v. State, 921 So.2d 560, 566-67 (Fla.2005), where our supreme court saw no error in denying a public defender's motion to withdraw on the ground that the public defender's office had represented the state's key witness against a defendant in the past. The Snelgrove Court observed that the public defender's office had withdrawn from representing the witness as soon as it learned of the conflict and did not represent the witness at the time of the defendant's trial; noted that the witness expressly waived his attorney-client privilege; and concluded that the trial record demonstrated that "defense counsel was not impaired in his ability to aggressively question and impeach [the witness] on cross-examination." Id. at 567. In the present case, by contrast, the public defender's office continued to represent the confidential informant while representing appellant at trial, and procured no waiver from him of any kind.
[7] The present case is procedurally similar to Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), in that here, as in Holloway, timely motions apprised the trial court of an apparent conflict of interest. To its credit, the trial court below, unlike the trial court in Holloway, did conduct an inquiry in response to trial counsel's initial motion for leave to withdraw. On appeal, Mr. Scott questions, not the adequacy of the inquiry, but the correctness of the rulings that ensued.

The present case bears scant resemblance to Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), where trial counsel failed to seek a ruling from the trial court on a putative conflict of interest, asserted only after the trial had concluded and for the first time collaterally. The present case reaches us in a wholly different posture because the asserted conflict of interest in Mickens (although presumably known to the trial judge) was initially brought up on federal habeas as part of an ineffective assistance of counsel claim. See also Hunter v. State, 817 So.2d 786, 791 (Fla.2002) (affirming denial of collateral relief where conflict was not asserted at trial, while acknowledging that "the right to effective assistance of counsel encompasses the right to representation free from actual conflict").
[8] Counsel does not have the burden to prove the ill effects of a conflict of interest in order to demonstrate entitlement to leave to withdraw from a case. The court must grant a public defender's motion for leave to withdraw unless it can rule out prejudice in fact and any substantial risk of prejudice to the client(s) going forward. § 27.5303(1)(a), Fla. Stat. (2006).
[9] The proper standard prospectively is whether a substantial risk exists that a conflict of interest will materially interfere with the conduct of the representation.
[10] Asserting attorney-client privilege, defense counsel refused to reveal to the trial court whether the public defender's office had negotiated a substantial assistance agreement with the state on the informant's behalf.
[11] The state had listed the confidential informant as a potential witness, but announced at the pretrial hearing that it did not intend to call the informant to testify at trial. During the pretrial hearing on his motion to withdraw, defense counsel agreed that the public defender's office did not intend to call the informant, whom it had not listed as a witness, and did not argue that appellant was prejudiced because the informant would not testify at trial.

Appellant did not alert the trial court that the public defender's representation of the confidential informant precluded his calling the confidential informant as a witness at appellant's trial until he moved for a mistrial on this ground following closing arguments.
[12] At the pretrial conference, defense counsel argued that appellant suffered prejudice merely because the public defender's representation of the confidential informant yielded the evidence against him. He said, "The damage will not be done today. The damage has been done long before today."