NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARY ANN LEAKE,                           )
                                          )
           Petitioner,                    )
                                          )
v.                                        )        Case No. 2D16-2639
                                          )
STATE OF FLORIDA,                         )
                                          )
           Respondent.                    )
                                          )
_____ )

Opinion filed November 30, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Polk County; Wayne M. Durden,
Judge.

Howard L. Dimmig, II, Public Defender,
and Terry Stewart, Assistant Public
Defender, Bartow, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General, Tampa,
for Respondent.


SLEET, Judge.

Mary Ann Leake seeks certiorari review of the trial court's denial of her

public defender's motion to withdraw because of a conflict of interest. Because the trial

court applied the wrong legal standard when it denied the motion, we grant the petition,

quash the order, and remand for further proceedings.

Shortly before Leake's scheduled trial date, the public defender became aware that two of the named victims in the case had previously signed letters of support indicating that they would contribute financially to and sponsor a fundraiser for Public Defender Howard L. Dimmig's campaign for reelection. The public defender informed Leake of the conflict, and Leake requested that counsel file a motion to withdraw. For reasons not clear from the record, the State objected. At the hearing on the motion, the State argued that under MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332 (Fla. 1990), two victims' contributions to the public defender's campaign did not create a conflict of interest. In Mackenzie, the supreme court held that a trial judge was not "required to disqualify herself or himself on motion where counsel for a litigant has given a $500 campaign contribution to the political campaign of the trial judge's spouse." Id. at 1340. The State reasoned that if a trial judge had no duty to recuse herself or himself after receiving campaign contributions, then neither should the public defender. Persuaded by Mackenzie and the State's argument, the trial court denied the motion.

In order to be entitled to certiorari relief, "[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995). As this court explained in Young v. State, 189 So. 3d 956 (Fla. 2d DCA 2016), "a trial court order compelling an ethically conflicted attorney to represent a criminal defendant . . . 'constitutes a departure from the essential requirements of the law that would result in an irreparable, material harm to the [certiorari] petitioner that cannot be remedied on final appeal.' " Id. at 959 (alteration in original) (quoting Smith v. State, 156 So. 3d 1119, 1126 (Fla. 1st DCA 2015)). The supreme court "has acknowledged

that 'the right to effective assistance of counsel encompasses the right to representation free from actual conflict.' " Johnson v. State, 78 So. 3d 1305, 1308 (Fla. 2012) (quoting Hunter v. State, 817 So. 2d 786, 791 (Fla. 2002)). And "[a]n actual conflict of interest that adversely affects a lawyer's performance violates a defendant's Sixth Amendment right to effective assistance of counsel." Johnson, 78 So. 3d at 1308. Accordingly, we conclude that Leake has sufficiently alleged a harm that cannot adequately be remedied on appeal, and that this court has jurisdiction.

The trial court departed from the essential requirements of the law when it based its denial of Leake's motion on MacKenzie, 565 So. 2d 1332. In MacKenzie, the supreme court considered whether a judge should have recused herself under section 38.10, Florida Statutes (1987), and Florida Rule of Civil Procedure 1.432. Therefore, Mackenzie is completely inapplicable to the present case, which does not involve the recusal of the trial judge but rather the withdrawal of an attorney in a criminal case under section 27.5303, Florida Statutes (2016), and the Rules Regulating the Florida Bar 4-1.7. The MacKenzie case did not address whether the victims' commitment to sponsor a fundraiser for and contribute to the reelection of the public defender, the employer of defense counsel, would have an adverse impact on defense counsel's representation of the defendant, including but not limited to counsel's ability to adequately confront and cross-examine the victims. The relevant consideration for the trial court here was whether there was an actual conflict and whether that conflict would have an adverse effect on the public defender's representation of Leake. See State v. Alexis, 180 So. 3d 929, 937 (Fla. 2015) ("Some adverse or detrimental effect on the representation . . . is required in order to establish an actual conflict of interest."). Because the trial court did not apply this standard and instead applied the standard

employed in <u>MacKenzie</u>, it deviated from the essential requirements of law.  <u>See</u> <u>Price v. Hannahs</u>, 954 So. 2d 97, 100 (Fla. 2d DCA 2007).

Accordingly, we grant the petition, quash the denial of the public defender's motion, and remand for further proceedings consistent with this opinion.

Petition granted; order quashed; remanded.

CASANUEVA and KHOUZAM, JJ., Concur.