PER CURIAM.
Petitioner, Lorenzo Brower, petitions this court for a writ of certiorari challenging the trial court's denial of his public defender's motion to withdraw. The motion was filed pursuant to section 27.5303, Florida Statutes (2018), and asserted a conflict of interest between Petitioner and his counsel. We grant the petition and quash the trial court's order under review.
*525 Petitioner's counsel filed a motion to withdraw in compliance with section 27.5303, certifying a conflict of interest and explaining that any additional explanation would require counsel to reveal privileged and confidential information. The trial court held a hearing on the motion and certification at which Petitioner's counsel appeared with counsel's direct supervising attorney and the Chief Assistant Public Defender. Counsel advised the court that the motion was filed within an hour of discovering the conflict and that after consulting The Florida Bar Ethics Hotline, the public defender's office continued to believe it had a conflict. The Chief Assistant Public Defender advised the court that all conflict certifications must be approved by a supervisor. The trial court inquired of both Petitioner and his counsel concerning the details of the conflict, but they both declined to answer on privilege grounds.
The trial court thereafter denied the motion, and Petitioner filed the instant petition for writ of certiorari. This court granted Petitioner's motion to stay the proceedings below pending resolution of the instant petition.
"Certiorari is an appropriate vehicle for review of an order denying a motion to withdraw in a criminal matter." Smith v. State , 156 So.3d 1119, 1122 (Fla. 1st DCA 2015) (citations omitted). "[B]y requiring an ethically conflicted attorney from the [Public Defender's] Office to represent the petitioner, the trial court would be denying effective assistance of counsel." Ward v. State , 753 So.2d 705, 708 (Fla. 1st DCA 2000) ; see also Young v. State , 189 So.3d 956, 961 (Fla. 2d DCA 2016) ; Smith , 156 So.3d at 1126.
While section 27.5303 permits the trial court to inquire as to the nature of the conflict, the court is not permitted to inquire into confidential matters. § 27.5303(1)(a), Fla. Stat. (2018). Even though the exact nature of the conflict was unknown, the trial court nevertheless departed from the essential requirements of law when it inquired into privileged and confidential matters and denied Petitioner's facially sufficient motion to withdraw. See Young , 189 So.3d at 960.
We therefore grant the certiorari petition, quash the trial court's order denying the motion to withdraw, and remand with instructions that the trial court appoint conflict-free counsel.
PETITION GRANTED; ORDER QUASHED; REMANDED with instructions.
ORFINGER, EDWARDS and EISNAUGLE, JJ., concur.