DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

JON W. HAY,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

No. 2D21-2167

————————————————

September 21, 2022

Petition for Writ of Certiorari to the Circuit Court for Lee County;
Bruce E. Kyle, Judge.

Kathleen A. Smith, Public Defender, and Nicole Calderone, Assistant
Public Defender, Fort Myers, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Elba Caridad
Martin, Assistant Attorney General, Tampa, for Respondent.

SMITH, Judge.

This is a petition seeking certiorari review of an order denying

the public defender's request to withdraw as appointed counsel

based on an alleged conflict.  We grant the petition because, under

the circumstances presented by this case and the existing case law, the trial court departed from the essential requirements of the law in denying the request to withdraw.

In keeping with language used in similar cases, the conflict in this case was articulated as related to the representation of Jon Hay and another defendant represented by the same office or with an attorney in that office, and it apparently arose from a conversation between Mr. Hay and his appointed assistant public defender when Mr. Hay was in the State Hospital. In the amended certification of conflict, the assistant public defender alleged:

> After a careful investigation and weighing of the facts of this case, the Public Defender has conclusively determined that the interests of Jon Webster Hay are so adverse and hostile to those of another client and/or an attorney within the Office of the Public Defender that a conflict of interest exists.
>
> As a result of this conflict of interest, the Public Defender cannot adequately or ethically continue to represent the Defendant.

At the hearing on the amended certification of conflict, the assistant public defender advised the trial court that she was ethically precluded from providing more specific information regarding the conflict than that provided in the amended

2

certification of conflict. Finding the amended certification of conflict insufficient, the trial court denied the request to withdraw because it was "unable to determine the nature of the asserted conflict from the generic form, and [was] thus unable to determine if the asserted conflict is prejudicial to the indigent client."

Although we recognize and appreciate that trial courts are hamstrung by a statute which allows trial courts to conduct a hearing but precludes trial courts from asking much about the nature of the conflict in cases of alleged conflict like this, it was a departure from the essential requirements of law for the trial court here to deny the public defender's request to withdraw under the facts set forth in the requests and outlined in the transcripts of the hearings in this case. *See* § 27.5303(1)(a), Fla. Stat. (2020); *Young v. State*, 189 So. 3d 956, 961 (Fla. 2d DCA 2016) ("The trial court departed from the essential requirements of the law because it necessarily compelled the assistant public defender to make the unsavory choice between disclosing privileged information and potentially being permitted to withdraw or depriving his client of the constitutional right to be represented by conflict-free counsel."); *see also Brower v. State*, 267 So. 3d 524, 525 (Fla. 5th DCA 2019)

("Even though the exact nature of the conflict was unknown, the trial court nevertheless departed from the essential requirements of law when it inquired into privileged and confidential matters and denied Petitioner's facially sufficient motion to withdraw.").

The trial court's additionally stated conclusions regarding factual discrepancies or other reasons for seeking withdrawal also are not supported by the facts presented in the amended certification of conflict or within the transcripts of the related hearings. The arguments presented by the assistant public defender centered solely around particular information received in a conversation between Mr. Hay and his appointed counsel.[1] *Cf.*

---

[1] When reviewing an order via certiorari our review is limited by the appendices filed by the parties. We do not have the benefit of the entire record before us. We recognize that there may be facts and details in the full trial court record that could factor into the trial court's reasons for denying the request to withdraw that remain unknown to this court and are outside the body of what we are tasked with considering within the petition presented. Likewise, the relief available through certiorari review is limited to quashing the order under review. Beyond recognizing the applicable cases and rules and acknowledging the understandable frustration of a trial court tasked with making a determination under circumstances where cases have made clear that full disclosure is not possible due to the asserted privilege, we make no comment on whether the public defender must be permitted to withdraw

*Gordineer v. State*, 335 So. 3d 232, 236 (Fla. 2d DCA 2022) ("[T]here is no record basis to believe that Gordineer's claim has been manufactured for the purpose of manipulating the system. On these facts, the circuit court's concern that Gordineer was shopping for a new attorney was completely unfounded."). We therefore grant the petition and quash the order denying the public defender the ability to withdraw from its representation of Mr. Hay.

 Petition granted; order quashed.

SILBERMAN and LUCAS, JJ., Concur.

––––––––––––––––––––––––––––

Opinion subject to revision prior to official publication.

following this opinion should the record and case law support such a determination.