# Third District Court of Appeal
## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2171
Lower Tribunal No. F22-14079
_____

**Adam Bair,**
Petitioner,

vs.

**State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kristen Kawass, Assistant Regional Counsel, for petitioner.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for respondent.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

We dismiss the petition for writ of certiorari as premature, without prejudice to the filing of a petition should the trial court require counsel for petitioner to reveal confidential communications between counsel and client, or should the trial court deny counsel's motion to withdraw for failing to reveal confidential communications between counsel and client.

While trial courts are accorded broad discretion to make appropriate inquiry "to determine whether any of the grounds for withdrawal set forth in Rule 4-1.16(b), Rules Regulating the Florida Bar, are present, or whether the 'attorney-client relation' has 'deteriorated to a point where counsel can no longer give effective aid in the fair presentation of a defense,'" Schultz v. State, 289 So. 3d 921, 923 (Fla. 4th DCA 2020) (citing Sanborn v. State, 474 So. 2d 309, 314 (Fla. 3d DCA 1985)), such an inquiry may not (absent a valid waiver) include requiring counsel to reveal confidential communications with the client.  See, e.g., Young v. State, 189 So. 3d 956, 961 (Fla. 2d DCA 2016) ("The trial court should have ceased the inquiry when, as an officer of the court, the assistant public defender asserted that a response to the inquiry would have required the disclosure of privileged information. The trial court departed from the essential requirements of the law because it necessarily compelled the assistant public defender to make the unsavory choice between disclosing privileged information and potentially being permitted to

withdraw or depriving his client of the constitutional right to be represented by conflict-free counsel. Neither is a virtuous choice.")